UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. KRAL,

No.  07-14932

Plaintiff,

District Judge Denise Page Hood

v.

Magistrate Judge R. Steven Whalen

JAMES TABELING, ET.AL.,

Defendants.

_____ /

## REPORT AND RECOMMENDATION

Plaintiff David J. Kral, a *pro se* prison inmate in the custody of the Federal Bureau of Prisons, filed a civil rights complaint on November 19, 2007, pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388; 91 S.Ct. 1999, 29; L.Ed.2d 619 (1971).  Before the Court are Plaintiff's Motion for Judgment by Default [Docket #19] and Amended Motion for Judgment by Default [Docket #21], which have been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B).  For the reasons set forth below, I recommend that the Plaintiff's motions be DENIED.

## I.    FACTS

Plaintiff filed his complaint on November 19, 2007. On February 19, 2008, the Court ordered service by the United States Marshal. On March 5, 2008, waivers of service were sent to the Defendants, pursuant to Fed.R.Civ.P. 4(d).  The Defendants executed these

waivers, which were filed with the Court on April 1, 2008. The Court's docket does not indicate when the United States Attorney's Office was served, although in his amended motion, Plaintiff states that on May 16, 2008, he spoke with an Assistant United States Attorney, who apparently informed him that the complaint was not received until that date. Plaintiff filed a motion for default judgment on May 15, 2008, and an amended motion on May 21, 2008. Defendants filed a Motion to Dismiss on May 19, 2008.

## II.   DISCUSSION

Under Fed.R.Civ.P. 4(d)(3), a defendant who waives service is allowed 60 days from the day the waiver was sent to file a responsive pleading. However, where, as in the present case, the defendant is an employee or officer of the United States, who is sued in his or her individual capacity, that defendant may serve an answer "within 60 days after service on the officer or employee *or* service on the United States attorney, *whichever is later.*" Fed.R.Civ.P. 12(a)(3) (emphasis added). Thus, the operative date in this case is not May 5, 2008 (60 days after the waivers of service were sent), but 60 days after service on the United States Attorney's Office.[1] It appears that Defendants' motion to dismiss was filed within the time allowed under Rule 12(a)(3).

In terms of deciding this motion for default judgment, however, it doesn't matter when the U.S. Attorney's Office was actually served. In order for a plaintiff to obtain a judgment

---

[1] Under Fed.R.Civ.P. 4(i), when an employee or officer of the United States is sued individually, the United States Attorney's Office must also be served.

by default, he must first request a Clerk's entry of default pursuant to Fed.R.Civ.P. 55(a).

A default *judgment* is governed by Rule 55(b)(2). "An entry of default and a default

judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu*

*Title Corp.,* 204 F.R.D. 327, 330 (W.D.Mich.2000) (quoting *United States v. Topeka*

*Livestock Auction, Inc.,* 392 F.Supp. 944, 950 (N.D.Ind.1975)). In *Vongrabe v. Sprint PCS,*

312 F.Supp.2d 1313, 1318 (S.D.Cal.2004), the court explained:

> "The section of the rule regarding default is dealt with in Rule 55(a), and the
> section of the rule regarding judgment is dealt with in Rule 55(b). These
> sections have separate headings and procedures that are distinct from one
> another. Thus, a plain reading of Rule 55 demonstrates that entry of default by
> the clerk is a prerequisite to an entry of default judgment."

*See also Ramada Franchise Sys., Inc.,* 220 F.R.D. 303, 305 (N.D.Ohio 2004) (quoting

*Sys. Indus., Inc. v. Han,* 105 F.R.D. 72, 74 (E.D.Penn.1985)) ("Entry of a default ... is a

prerequisite to entry of a default judgment under Rule 55(b)."); *DeTore v. Local # 245 of the*

*Jersey City Public Employees Union,* 511 F.Supp. 171, 176 (D.N.J.1981) ("However, no

default judgment may be entered under either F.R.Civ.P. 55(b)(1) or (b)(2) unless a default

has previously been entered by the clerk under 55(a). Thus, the entry of default is an essential

predicate to any default judgment.").

In this case, the Clerk has not entered of default under Rule 55(a). Therefore, Plaintiff

is not entitled to a default judgment under Rule 55(b).

## III. CONCLUSION

For these reasons, I recommend that the Court DENY Plaintiff's Motion for Judgment by Default [Docket #19] and Amended Motion for Default Judgment [Docket #21].

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R.  Steven Whalen
R.  STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated:  May 27, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on May 27, 2008.

S/Gina Wilson
Judicial Assistant