**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DAVID J. KRAL,**

    **Plaintiff,**

                                          Case No. :07-14932

**v.**

                                          **HONORABLE DENISE PAGE HOOD**

**JAMES TABELING, DOUGLAS GASTON,**
**JEFFREY PAULSEN, STEVEN SWENSEN,**
**BRENDA BREWINGTON, & TANEL**

    **Defendants.**
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**I.    BACKGROUND FACTS**

The present action concerns Magistrate Judge R. Steven Whalen's Report and Recommendation ("R & R") [Docket # 23], which recommends that Plaintiff's Motion for Judgment by Default [Docket # 19] and the Plaintiff's Amended Motion for Judgment by Default [Docket # 21] be denied. Petitioner filed an objection to the R & R ("Objection") on June 25, 2008. [Docket # 24.]

Petitioner filed his complaint on November 19, 2007. The Court ordered service by the United States Marshal on March 5, 2008 and sent waivers of service to Defendants on March 5, 2008, pursuant to the Federal Rules of Civil Procedure 4(d). [Docket # 11.] Defendants filed

1

waivers of service with the Court on April 1, 2008. [Docket # 15-18.] The Court's docket does not indicate the date of service as to the United States Attorney's Office. Plaintiff claims that the United States Attorney's Office was served on May 16, 2008 and that he spoke with an Assistant United States Attorney who informed him that the complaint was not received until that date. [Am. Mot. Default J. at 1.] Plaintiff filed a Motion for Default Judgment on May 15, 2008, and an amended motion on May 21, 2008. Defendants filed a Motion to Dismiss on May 19, 2008.

## II.     STANDARD OF REVIEW

### A.     Report & Recommendation

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(B)(1). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

### B.     Rule 55(b)(2) Default Judgment

In order for a plaintiff to obtain a judgment by default, pursuant to the Federal Rules of Civil Procedure 55(b)(2), he must first request a Clerk's entry of a default. Fed.R.Civ.P. 55(a). An entry of default and a default judgment are distinct concepts which must be treated separately." *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000). "A plain reading of Rule 55 demonstrates that entry of default by the clerk is a prerequisite to an entry of default judgment." *Vongrabe v. Sprint PCS*, 312 F.Supp.2d 1313, 1318 (S.D. Cal. 2004).

## III.    ANALYSIS

In the motions for default judgment, Plaintiff argues that he is entitled to default judgment because the defendants failed to file an answer to the Complaint by May 5, 2008. The May 5th date

is Plaintiff's calculation of sixty days after the waivers of service were sent, March 5, 2008.

The Magistrate Judge recommends that Plaintiff's motions must be denied for two reasons. (R & R at 3.) First, the Magistrate Judge recommends that Plaintiff's motions be denied, because Plaintiff has not yet obtained a Clerk's entry of default. The Court agrees. The Plaintiff is not entitled to a default judgment under Rule 55(b), because he has not complied with Rule 55(a). *Vongrabe*, 312 F.Supp.2d at 1318. An entry of default is an absolute prerequisite to a default judgment. *Id.*

Second, the Magistrate Judge recommends that Plaintiff's motion be denied, because Defendants had until approximately July 16, 2008, to file an answer to the Complaint, and not until May 5th as Plaintiff argues. The Court agrees. Under Rule 4(d)(3), a defendant who waives service is allowed sixty days from the request send date to file a responsive pleading. Fed.R.Civ.P. 4(d)(3). Nevertheless, when the defendant is an officer or employee of the United States, sued in his individual capacity, which is the case here, the defendant may serve a response "within sixty days after service on the officer or employee *or* service on the United States Attorney, *whichever is later*." Fed.R.Civ.Pr. 12(a)(3). When an employee or officer of the United States is sued individually, the United States Attorney's Office[1] must also be served. Fed.R.Civ.P. 4(i). Based upon the evidence in the record, it appears that Defendants' response in the action was not untimely.

---

[1] Under Fed.R.Civ.P. 4(i), when an employee or officer of the United States is sued individually, the United States Attorney's Office must also be served.

In the Objection, Plaintiff states that it is not clear when the United States Attorney was served. (Objection at 1.) Plaintiff argues that the Court should consider May 5, 2008 as the operative date by which the defendants should have responded. Even if the Court used this date, the motion would still be denied because of Plaintiff's failure to request an entry of default.

**IV.    CONCLUSION**

In light of the foregoing,

IT IS ORDERED that is Magistrate Judge R. Steven Whalen's Report and Recommendation [Docket #23] is **ACCEPTED** and **ADOPTED** as this Court's findings and conclusions of law with respect to Plaintiff's Motion for Judgment by Default and Amended Motion for Judgment by Default.

IT IS FURTHER ORDERED that Plaintiff's Motion for Judgment by Default and Amended Motion for Judgment by Default [Docket # 19, 21] are **DENIED**.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 29, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on July 29, 2008, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager
