UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID J. KRAL,

        Plaintiff,

v.

JAMES TABELING, ET.AL.,

        Defendants.
                                                   /

No. 07-14932

District Judge Denise Page Hood

Magistrate Judge R. Steven Whalen

**REPORT AND RECOMMENDATION**

Plaintiff David J. Kral, a *pro se* prison inmate in the custody of the Federal Bureau of Prisons, filed a civil rights complaint on November 19, 2007, pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Before the Court is Defendants' Motion to Dismiss [Docket #20], which has been referred for a Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(B). For the reasons set forth below, I recommend that the Defendants' motion be GRANTED, and the complaint DISMISSED WITH PREJUDICE.

**I.   BACKGROUND**

At the time of filing his complaint, Plaintiff was a prison inmate in the custody of the

-1-

Federal Bureau of Prisons.[1] The remaining Defendants[2] are: (1) James Tabeling, Residential Drug Abuse Program (RDAP) Coordinator, FCI Milan; (2) Brenda Brewington, RDAP counselor, FCI Milan; (3) Deena Tanel, Lieutenant of Security at FCI Milan. The essence of Plaintiff's claim is that he was removed from the RDAP program in retaliation for writing what he concedes was a "combative letter" to the prosecutor in his criminal case, in violation of the First Amendment.[3]

In their motion to dismiss, the Defendants raise several arguments, including res judicata and collateral estoppel, based on Plaintiff having raised the same issue in a prior habeas proceeding in this Court, filed pursuant to 28 U.S.C. § 2241.[4] Defendants also argue that Plaintiff failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a), and that service of process was insufficient.

Plaintiff was ordered to file a response to the Defendants' motion to dismiss by July 7, 2008. To date, he has not filed a response.

## II. STANDARD OF REVIEW

---

[1] Plaintiff was paroled on August 22, 2008.

[2] Defendants Gaston, Paulsen and Swensen were dismissed by stipulation. Docket #32, 33.

[3] Plaintiff summarizes his claim as follows: "This civil action arises against the defendants for violating the Plaintiff's United States Constitutional Bill of Rights guarantee under the first Amendment to petition government officials for redress of grievances without fear of retaliation and sanctions for exercising (sic) said right." *Complaint*, p. 1 ("Preliminary Statement").

[4] *Kral v. Eichenlaub*, E.D. Mich. No. 06-14513.

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court set forth what a plaintiff must plead in order to survive a Rule 12(b)(6) motion. The Court held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is *plausible* on its face." *Bell Atlantic*, at 1974 (emphasis added).

### III. DISCUSSION

This complaint is clearly subject to dismissal under principles of collateral estoppel (issue preclusion).

The Sixth Circuit has held that a prior decision has a preclusive effect on an issue raised in a later case if four elements are satisfied: (1) the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding; (2) determination of the issue must have been necessary to the outcome of the prior proceeding; (3) the prior proceeding must have resulted in a final judgment on the merits; and (4) the party against whom estoppel is sought must have had a full and fair opportunity to litigate the issue in the prior proceeding. *Smith v. SEC,* 129 F.3d 356, 362 (6th Cir.1997) (en banc) (quoting *Detroit Police Officers Ass'n v. Young,* 824 F.2d 512, 515 (6th Cir.1987)).

In this case, Plaintiff previously filed a habeas corpus action in this district pursuant to 28 U.S.C. § 2241, which was dismissed on the merits by Judge Ludington on May 3, 2007. The Sixth Circuit subsequently affirmed the dismissal. In that proceeding, the Plaintiff argued that his expulsion from the RDAP based on his correspondence to Mr. Paulsen violated his constitutional rights. The Court liberally construed the petition as raising three distinct grounds:

> "The Court construes the habeas petition and the petitioner's pending motions to challenge the petitioner's expulsion from the RDAP on three grounds: (1) denial of First Amendment rights; (2) denial of the Fifth Amendment right to due process; and (3) denial of the right to equal protection of the law under the Fourteenth Amendment to the United States Constitution." *Kral v. Eichenlaub*, case no. 06-14513, doc. #28.

In the present complaint, Plaintiff contends that his expulsion from the RDAP violated his First Amendment rights, and was done in retaliation for his exercise of those rights. That

precise issue was raised and litigated in his prior habeas proceeding. Thus, the first factor for collateral estoppel is satisfied.

Judge Ludington's determination of that issue was central to the outcome of the prior proceeding; therefore, the second factor has been met.

There was a final judgment on the merits of the habeas case, and the Plaintiff had a full and fair opportunity to litigate the same issue that he raises here. Hence, the third and fourth factors are met. Judge Ludington's decision, which the Sixth Circuit affirmed, precludes the Plaintiff from raising the same issue in this *Bivens* action. "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 908 (6th Cir. 2001).[5]

---

[5] Defendants also rely on the principle of res judicata, or claim preclusion. However, this case is more properly analyzed under doctrine of collateral estoppel.

In *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984), the Supreme Court explained the difference between the two concepts:

> "Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided.... This effect also is referred to as direct or collateral estoppel. *Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit*. Claim preclusion therefore encompasses the law of merger and bar." (Emphasis added).

In this case, Plaintiff seeks to relitigate a matter that has already been litigated and

Because it is clear that this complaint must be dismissed with prejudice under principles of collateral estoppel, it is not necessary to address the Defendants' arguments concerning exhaustion of administrative remedies and inadequate service, issues which would result only in a dismissal without prejudice.

## IV. CONCLUSION

For these reasons, I recommend that Defendants' Motion to Dismiss [Docket #20] be GRANTED, and the complaint DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.CT. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the

---

decided in the prior habeas case, which brings the doctrine of issue preclusion, or collateral estoppel into play.

opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                        S/R. Steven Whalen
                                                       R. STEVEN WHALEN
                                                       UNITED STATES MAGISTRATE JUDGE

Dated: December 18, 2008

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 18, 2008.

                                                       S/G. Wilson
                                                       Judicial Assistant